**2002–1958.  White v. Am. Mfgs. Mut. Ins. Co.**

Montgomery App. No. 19206, 2002-Ohio-4125. This cause is pending before the court on the certification of a conflict by the Court of Appeals for Montgomery County. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**2003–0638.  State ex rel. Felson v. Kennedy.**

In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

## MEDIATION REFERRALS

The following cases has been referred to mediation pursuant to S.Ct.Prac.R. XIV(6):

**2003–0578.  State ex rel. Nash v. Indus. Comm.**

Franklin App. No. 02AP–616, 2003-Ohio-953.

[Cite as *04/24/2003 Case Announcements,* 2003-Ohio-2032.]

# CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS

*April 24, 2003*

## MERIT DECISIONS WITHOUT OPINIONS

**2003–0273.  Watterson v. Stark Cty. Bar Assn.**

On March 4, 2003, movant, Timothy M. Watterson, filed an Amended Motion to Remove the Stark County Bar Association as Relator, the Chair, Stay Deposition and Continue Hearing. On February 20, 2003, the Board of Commissioners on Grievances and Discipline of the Supreme Court filed a motion for leave to intervene. Upon consideration thereof,

IT IS ORDERED by this court that the motions be, and hereby are, denied. It is further ordered by this court, sua sponte, that this matter be dismissed for want of authority.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

## MOTION AND PROCEDURAL RULINGS

**1991–2137.  State v. Campbell.**

By entry filed March 14, 2003, this court ordered that appellant's sentence be carried into execution on Wednesday, the 14th day of May, 2003. In order to facilitate this court's timely consideration of any matters relating to the execution of appellant's sentence,

IT IS ORDERED by the court that the Chief Justice may suspend application of any provisions of the Rules of Practice of the Supreme Court, including, but not limited to, the filing requirements imposed by S.Ct.Prac.R. XIV(1).

IT IS FURTHER ORDERED by the court that service of documents as required by S.Ct.Prac.R. XIV(2) shall be personal or by facsimile transmission.

IT IS FURTHER ORDERED by the court that counsel of record for the parties shall supply this court with a copy of any document relating to this matter that is filed in, or issued by, any other court in this state or any federal court, as well as any commutation, pardon, or warrant of reprieve issued by the Governor. A copy of the document shall be delivered to the Office of the Clerk as soon as possible, either personally or by facsimile transmission.